BEFORE THE FIRST DIVISION, JUNE 10, 1958

No. 62062.—R. U. Delapenha & Co., Inc. *v.* United States, protest 309489–K (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of flavoring extract, containing more than 50 percent of alcohol, similar in all material respects to that the subject of *R. U. Delapenha & Co.* v. *United States* (39 Cust. Ct. 136, C. D. 1918), the merchandise was held dutiable as follows: (1) The items entered, or withdrawn from warehouse, prior to June 6, 1951, at 30 cents per pound and 10 percent ad valorem, under paragraph 24, as modified by T. D. 51802, and (2) the items entered, or withdrawn from warehouse, subsequent to said date at 30 cents per pound and 9 percent ad valorem under paragraph 24, as modified by T. D. 52739.   The merchandise was also held subject to the applicable internal revenue tax due at the time of withdrawal of said merchandise.

BEFORE THE SECOND DIVISION, JUNE 10, 1958

No. 62063.—Stern & Stern Textiles, Inc. *v.* United States, protests 147945–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiff was sustained.

No. 62064.—H. Bates Co., Inc., et al. *v.* United States, protests 149047–K, etc. (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiffs was sustained.

No. 62065.—Stern & Stern Textiles, Inc. *v.* United States, protests 246936–K, 242295–K, and 223235–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise are the same in all material respects as those the subject of *E. C. Carter & Son, Inc.* v. *United States* (38 Cust. Ct. 368, C. D. 1889), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JUNE 10, 1958

**No. 62066.**—P & P Industries *v.* United States, protest 307364–K (New York).

Opinion by RICHARDSON, J.   At the trial, counsel for the Government moved to dismiss the protest on the ground that it was not directed against a decision of the collector and, therefore, did not state a cause of action under the provisions of section 514, Tariff Act of 1930 (19 U. S. C. § 1514); that if the protest stated a claim, it was one for reappraisement of the value of the merchandise, which could not be litigated in a protest proceeding; and that even if the paper filed by the plaintiff could be considered an appeal to reappraisement, it was untimely. The court held that it was clear that the plaintiff had mistaken its remedy; that if, in its opinion, the appraiser had erred in valuing the merchandise, its remedy was not by protest, but rather by appeal for reappraisement under section 501 (19 U. S. C. § 1501) which, to be timely, must be taken within 30 days after written notice of appraisement; and that, since this was not done in the present case, the appraisal became final and binding upon all parties.   *Ludlow Manufacturing & Sales Co.* v. *United States* (22 Cust. Ct. 17, C. D. 1150) and cases cited therein followed.   On the record presented, Government's motion to dismiss the protest was granted.

BEFORE THE FIRST DIVISION, JUNE 12, 1958

**No. 62067.**—American Cut Crystal Corp. et al. *v.* United States, protests 312780–K, etc. (New York).

Opinion by OLIVER, C. J.   The protests were dismissed.

**No. 62068.**—H. W. Robinson Air Freight Corp. *v.* United States, protests 313896–K and 313897–K (New York).

Opinion by OLIVER, C. J.   The protests were dismissed.